# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA BARRY,<br><br>        Plaintiff,<br><br>    v.<br><br>WORLDWIDE DEBT MANAGEMENT,<br><br>        Defendant.<br>_____/ | CASE NO. 1:09-cv-01106-SMS<br><br>ORDER DIRECTING PLAINTIFF TO SUPPLEMENT MOTION FOR DEFAULT JUDGMENT BY DECEMBER 29, 2009<br><br>(doc. 10) |

    Defendant having failed to file an answer to the complaint, plaintiff has moved for default judgment. Because claims that are legally insufficient are not established by a party's default, in considering an application for default judgment, a court must determine whether the plaintiff's claims are legally sufficient to entitle it to a default judgment. An application for default judgment qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 1-101, and should include briefs pursuant to Local Rule 78-230(b). Thus, when seeking a default judgment, a plaintiff should provide the court with a memorandum of points and authorities demonstrating that plaintiff's claim(s) include allege all the elements necessary to entitle it to relief. Plaintiff bears the burden of proving the legal sufficiency of its alleged claims.

    If a plaintiff states multiple claims but seeks judgment on only some, or if a plaintiff seeks judgment against fewer than all of the defendants, its application must specify the claims upon which, and the parties against whom, it seeks judgment. It must notify the court if other claims and/or parties have been or will be dismissed. Plaintiff should provide authority and sufficient argument to support its request that the court find that there is no just cause for delay pursuant to

1  F.R.Civ.P. 54(b), and that a final judgment on some of the claims and/or against some of the parties
2  should be entered.  Plaintiff must also set forth all pertinent and necessary legal authority permitting
3  the court to enter judgment against a particular party based on allegations of the party's standing,
4  status, agency, participation, or other alleged basis for liability.

5        Generally, disposition of an application for default judgment includes a determination of
6  damages.  Plaintiff must prove its damages, either by evidence (F.R.Civ.P. 55(b)(2)) or by affidavits
7  whereby it waives an evidentiary hearing (*Davis v. Fendler*, 650 F.2d 1154, 1161-62 (9th Cir. 1981)).
8  Plaintiff must provide evidence of any tender or other precondition to recovery.  Plaintiff's
9  memorandum must include sufficient legal authority in support of the measure and propriety of the
10 damages sought.  Depending on plaintiff's claims, its memorandum must inform the court of the
11 source of law governing the measure of damages, including federal or state interest; provide statutory
12 and case law defining the appropriate measure of damages and interest; set forth the setting forth the
13 method for computation of interest; and provide the court with applicable law and an analysis of
14 pertinent facts regarding plaintiff's election of remedies.  If a plaintiff seeks multiple remedies, it
15 must cite authority supporting its claim for cumulative remedies and establishing that the remedies
16 requested are not inconsistent.  If a plaintiff seeks costs and/or attorneys' fees, it must support its
17 claim with authority.

18       Finally, the court will not enter a default judgment different in kind from, or in excess of, the
19 amount set forth in the demand for judgment.  F.R.Civ.P. 54(c).  A plaintiff's memorandum must
20 establish that it seeks relief within that demanded in its complaint.

21       Accordingly, plaintiff is hereby **ORDERED** to supplement its application and motion for
22 default judgment with a memorandum of points and authorities in conformance with this order by
23 December 29, 2009.

24 IT IS SO ORDERED.

25 **Dated:   December 14, 2009**              /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE